GARDNER v. PETERS et al.

(Division A. Jan. 19, 1931.)

[131 So. 881. No. 29146.]

**Sebe Dale,** of Columbia, for appellant.

**T. B. Davis,** of Columbia, for appellees.

**Cook, J.,** delivered the opinion of the court.

This suit was begun in the court of a justice of the peace of Lamar county, Mississippi, by the issuance of a writ of garnishment based upon an enrolled judgment in favor of the appellant, Dr. J. Gould Gardner, against one R. L. Davis, and the writ of garnishment was directed to, and served on, the J. J. White Lumber Company. The garnishee answered the writ, setting forth in its answer that it had on its books a logging account in the name of R. L. Davis, representing logs which had been sold and delivered to it, for which it owed the sum of one hundred fifty-nine dollars and fifteen cents, but that it was informed that the appellees, Felix Peters and Merida Pittman, claimed title to and ownership of the said indebtedness, and that it had received instructions from the said R. L. Davis to pay to the appellees the amount due by it for said logs. With its answer, the garnishee paid into the court the said sum of one hundred fifty-nine dollars and fifteen cents, and suggested that the appellees be summoned to appear and assert their claim, if any, and contest with the appellant the right to such money.

The appellees were summoned, and appeared and filed proper affidavits propounding their claims of ownership of the money so paid into court by the garnishee, and thereupon the appellant took issue thereon; and, upon

the evidence offered by the respective parties, the issue thus made up was presented to a jury which returned a verdict in favor of the claimants, and, from the judgment entered in pursuance of this verdict, the plaintiff, Dr. Gardner, prosecuted this appeal, assigning as error the granting of an instruction to the effect that the jury should return a verdict for the claimants, unless it believed from the evidence that R. L. Davis and the claimants, Merida Pittman and Felix Peters, connived together to defraud the appellant, Dr. Gardner.

This instruction is manifestly erroneous. It eliminates from the consideration of the jury the question of whether or not the garnishee was, in fact, indebted to the judgment debtor at the time of the service of the writ of garnishment, and makes the appellant's right of recovery rest solely upon proof of a conspiracy between the claimants and the judgment debtor to defraud the appellant. If the proof was sufficient to warrant the jury in finding that, at the time of the service of the writ, the garnishee was indebted to the judgment debtor, R. L. Davis, and that, in fact, the said Davis was the owner of the money paid into court, and the jury so found, the appellant was entitled to recover the said sum without reference to any conspiracy to defraud. The appellees contend, however, that the error, if any, in this instruction should not reverse the judgment of the court below, for the reason that upon the proof offered they were entitled to a directed verdict, and the peremptory instruction requested by them should have been granted. Upon this point we think the contentions of appellees are erroneous. The facts and circumstances in regard to the course of dealings between the respective parties in reference to these logs and the account, together with the alleged statements and declarations of the appellees in regard thereto, were sufficient to warrant the submission of the issue to the jury; and therefore, for the error in

the above-stated instruction, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.